Francis A. H. Bergmann and Another, Respondents, *v.* Hamilton H. Salmon, Individually, and Hamilton H. Salmon, as Executor, and Emily M. Salmon, as Executrix, of the Last Will and Testament of Hamilton H. Salmon, Deceased, Appellants. Impleaded, etc.

*Injunction — undertaking — effect of bringing in new defendants.*

When a preliminary injunction has issued in an action brought against a person individually, the court cannot, on subsequently bringing in the same person and another as executors as additional parties defendant, and continuing the injunction as against them, permit the undertaking for an injunction, previously given in the action as originally entitled, to stand and declare it good and sufficient as to all the defendants, but must require a new undertaking.

APPEAL by the defendants, Hamilton H. Salmon, individually, and Hamilton H. Salmon, as executor, and Emily M. Salmon, as executrix, of the estate of Hamilton H. Salmon, deceased, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 7th day of February, 1893, bringing into the action as parties defendant, the executor and executrix of Hamilton H. Salmon, deceased, amending the summons and complaint, and granting leave to serve a supplemental summons and complaint, and permitting a former undertaking given upon the granting of an injunction to stand, and declaring the same good and sufficient as to all the defendants, and continuing the injunction as against Hamilton H. Salmon, individually, and the executor and executrix.

*Edward W. S. Johnston,* for the appellants.

*Lloyd McK. Garrison,* for the respondents.

FOLLETT, J. :

In August, 1882, the plantiffs were owners of a tontine policy of insurance, No. 167,187, issued by the New York Life Insurance Company. On that day they borrowed of Hamilton H. Salmon $1,000, for which they gave their note payable six months after date, and assigned to him as security said policy No. 167,187, and also another policy issued by the Ætna Insurance Company for $1,000, payable in the event of the death of the plaintiffs to Salmon. It is alleged that Salmon loaned but $753, and that the difference between that sum and the amount of the note was a usurious consideration for the loan. This note was four times renewed upon the payment of alleged usurious considerations.

There were two Hamilton H. Salmons, father and son. The father died before the commencement of this action, which was begun against the son for the purpose of restraining the defendant from selling, assigning or surrendering the policies, and for a judgment that the plaintiffs' assignment of them be set aside as void for usury. With the summons and complaint an injunction restraining the defendant from transferring or collecting the policies was served. The defendant interposed an answer by which he denied each and every allegation contained in the complaint. Subsequently

the plaintiffs ascertained that the transaction was with the father, who was dead, and not with the son, who had been sued, and that letters of administration had been granted upon his estate to Hamilton H. Salmon and Emily M. Salmon. They then moved for an order permitting them to amend the summons and complaint by bringing in the representatives of Hamilton H. Salmon, deceased, and that the injunction issued in the action be continued as against them, which was granted. The order provided "that plaintiffs' undertaking as provided herein be. and the same hereby is declared good and sufficient as to all these defendants."

In this we think the Special Term exceeded its power. This undertaking was given in an action brought against Hamilton H. Salmon, individually, and not against the representatives of his father's estate. The undertaking upon which the injunction was granted was entitled as the action was entitled before the amendment was granted, by which the sureties undertook to indemnify the defendants so enjoined from damages which they might sustain by reason of the injunction. They did not undertake nor agree to indemnify the additional defendants who were brought in by the amendment from any damages which they might sustain by reason of the granting of the order, and no action of this court could make them liable beyond the terms of their contract. We think that the order permitting the summons and complaint to be amended by bringing in the additional parties was right, so also was that part of it restraining them from selling or disposing of the policies of insurance. But that part which provided that the undertaking should stand as security for the new defendants brought in cannot be sustained.

That part of the order which provides "that plaintiffs' under taking as provided herein, be, and the same hereby is, declared good and sufficient as to all these defendants" is reversed; but it is in all other respects affirmed, provided that the plaintiffs, within ten days after service of a copy of the order to be entered on this decision, file a new undertaking in this action in the form prescribed by the Code, to be approved by the Supreme Court, or a judge thereof, with no costs to either party on this appeal.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs to either party on this appeal.